UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA BOUDREAUX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:24-cv-260 |
| | § | |
| NORTON ROSE FULBRIGHT US LLP, | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

COMES NOW, Plaintiff, Joshua Boudreaux ("Boudreaux" or "Plaintiff"), and brings this his Original Complaint against Defendant, Norton Rose Fulbright US LLP ("NRF" or "Defendant"), and respectfully represents the following:

## I.
## PARTIES

1. Plaintiff Joshua Boudreaux is an individual residing in Collin County, Texas.

2. Defendant Norton Rose Fulbright US LLP is a domestic limited liability partnership headquartered in Houston, Texas and who may be served with process at its corporate office located at 1301 McKinney, Suite 5100, Houston, TX 77010.

## II.
## JURISDICTION

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case arises under the laws of the United States,

1

specifically Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq ("Title VII").

4. The Court has personal jurisdiction over Defendant because it is a Texas Limited Liability Partnership with its principal office located in Texas.

## III.
## VENUE

5. Venue is proper in this district because all or a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district.

## IV.
## FACTUAL ALLEGATIONS

6. Boudreaux began working as an IT support analyst for NRF's Dallas office located at 2200 Ross Avenue, Suite 3600, Dallas, Texas 75201 on January 25, 2016.

7. His job duties involved providing IT system maintenance and troubleshooting in additional to setting up videoconference and other various duties related to information technology. While many of his duties required his presence in the NRF office, none of his duties necessarily required physical contact in proximity to other persons.

8. On August 3, 2021, NRF notified its employees that no one was allowed to go into an NRF office without unless they were fully vaccinated against COVID-19 (the "Vaccine Mandate").

9. On August 17, 2021, Boudreaux applied for a religious accommodation from the Vaccine Mandate. Boudreaux informed NRF that he had a sincerely held religious belief as a Christian that prevented him from being vaccinated.

10. On August 20, 2021 Boudreaux provided additional information in response to a request from NRF to clarify the nature of his religious belief that conflicted with the Vaccine Mandate. Specifically, Boudreaux indicated that he seeks guidance from the Holy Spirit regarding decisions and that he did not feel peace from the Holy Spirit about receiving a COVID-19 vaccine.

11. Boudreaux further indicated that he objected to the use of aborted fetal cells in the development of the COVID-19 because his Christian beliefs require him to be pro-life and oppose abortion. Boudreaux cited numerous Bible verses in support of these two statements.

12. On August 17, 2021 NRF notified Boudreaux that his request for religious accommodation had been denied on the grounds that NRF believed his "objection to vaccination is a medical belief and not a religious one."

13. NRF did not have an interactive process meeting with Boudreaux to determine whether there were any reasonable accommodations it could provide to Boudreaux. It denied his request solely on the grounds that it did not believe his reason for refusing to be vaccinated was a sincerely held religious belief.

14. NRF terminated Boudreaux on October 1, 2021 for refusing to the comply with its Vaccine Mandate policy.

## V.
## CAUSES OF ACTION

**COUNT I: TITLE VII RELIGIOUS DISCRIMINATION—FAILURE TO ACCOMMODATE**

15. Plaintiff incorporates all factual allegations contained in the foregoing paragraphs as though fully set forth herein.

16. Plaintiff is an employee within the meaning of 42 U.S.C. 2000e, et. seq. ("Title VII").

17. Defendant is a covered employer under Title VII.

18. Plaintiff had sincerely held religious beliefs as a Christian that conflicted with Defendant's Vaccine Mandate.

19. Plaintiff informed Defendant of his religious beliefs that conflicted with Defendant's Vaccine Mandate.

20. Defendant failed to act in good faith during the interactive process because it did not meet with Plaintiff to consider whether it could have provided him with a reasonable accommodation without incurring a substantial cost in the overall context of its business.

21. Defendant failed to act in good faith during the interactive process because there were multiple means by which it could have provided a reasonable accommodation to Plaintiff, including but not limited to: allowing Plaintiff to perform the essential duties of his job in a manner that did not require physical proximity to others, allowing Plaintiff to test frequently for COVID-19, and/or allowing Plaintiff

to clean and disinfect any spaces in which he worked, after working in an area where others would work after him.

22. Defendant failed to provide a reasonable accommodation for Plaintiff's sincerely held religious belief that conflicted with its Vaccine Mandate.

23. As a result of Defendant's religious discrimination, Plaintiff has suffered back pay, front pay, and mental anguish damages.

24. Plaintiff has been unable to find a reasonable replacement job because the job openings he has been able to identify that would provide him with reasonably comparable compensation to his job with Defendant all have required COVID-19 vaccination as a condition of being hired.

25. The loss of his job with NRF that required years of experience to obtain caused severe mental anguish in the form of extreme stress of being unable to maintain his family's standard of living, falling into debt, and feelings of rejection and despair with regard to being unable to obtain a suitable replacement job.

26. Defendant's refusal to recognize the sincerity of Plaintiff's religious belief without any objective basis to do so, in addition to its unfounded and inexplicable characterization of his religious belief as "medical," and its refusal to engage with Plaintiff in the interactive process in good faith indicated NRF's intentional discrimination toward Plaintiff or reckless disregard for his Title VII rights. Accordingly, Plaintiff seeks punitive damages in addition to compensatory damages for emotional anguish and front pay in the full statutory amount of $300,000.

27. Plaintiff estimates that, based on his rate of pay of roughly $1,350 per week in addition to the wage increases, bonuses, and benefits he would have received, that his back pay damages will be approximately $225,000 by the time of trial.

**COUNT II: TITLE VII RELIGIOUS DISCRIMINATION—DISPARATE IMPACT**

28. Plaintiff incorporates all factual allegations contained in the foregoing paragraphs as though fully set forth herein.

29. Defendant's Vaccine Mandate policy was facially neutral but fell more harshly on employees whose job duties required them to work in the office with religious beliefs similar to Plaintiff's that prevented them from being vaccinated.

30. Defendant's Vaccine Mandate cannot be justified by business necessity because, despite statements from the CDC that lacked scientific support, the COVID-19 vaccines were never effective to prevent transmission of COVID-19. In fact, the CDC made a press release on July 30, 2021, only days prior to Defendant's announcement of its Vaccine Mandate, stating that its own data demonstrated that infection with the Delta variant among vaccinated and unvaccinated resulted in a similar viral load. As a result, CDC Director Dr. Rochelle Walensky made a public statement on CNN indicating that the vaccines could not prevent transmission.

31. With regard to the Omicron variant and subvariants, the COVID-19 vaccines have never demonstrated any effective ability to prevent transmission.

32. The fact that the COVID-19 vaccines never have been able to effectively prevent transmission of COVID-19 destroys Defendant's entire rationale for its Vaccine Mandate as a necessary workplace safety measure.

33. Moreover, the number of serious adverse reactions to the COVID-19 vaccines, including deaths, recorded in the U.S. Government's Vaccine Adverse Event Reporting System substantially outnumbered all other vaccines combined at the time of Defendant's Vaccine Mandate, which further demonstrates that the Vaccine Mandate was not a reasonable workplace safety measure since it likely exposed its employees to harm while providing little to no safety benefit.

34. Moreover, natural immunity from COVID-19, in addition to early treatment protocols involving the use of hydroxychloroquine, ivermectin, budesonide, Z-Pak, zinc, vitamin D, vitamin C, and other components had already proven to be far more effective than vaccination in preventing serious cases of COVID-19 at the time Defendant implemented its Vaccine Mandate, which further demonstrates that the Vaccine Mandate was not a reasonable or necessary workplace safety measure.

35. Though Defendant did accommodate some employees with sincerely held religious beliefs preventing them from being vaccinated, these were employees who could work fully remote.  For employees whose job duties required in-office work, the Vaccine Mandate had a disparate impact by requiring that they be terminated because of their sincerely held beliefs.  In this manner, the Vaccine Mandate had a disparate impact on Plaintiff due to his sincerely held religious beliefs that prevented him from being vaccinated.

## VI.
## ATTORNEYS' FEES AND COSTS

36. Plaintiff requests an award of attorneys' fees and costs, including expert fees, under 42 U.S.C. § 2000e-5(k).

## VII.
## CONDITIONS PRECEDENT

37. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred. Plaintiff exhausted his administrative remedies with the U.S. Equal Opportunity Employment Commission and has received his notice of right to sue.

## VIII.
## JURY DEMAND

38. Plaintiff demands a jury trial.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Joshua Boudreaux, prays for an award against Defendant, NRF, for back pay, front pay, compensatory, and mental anguish damages and punitive damages in addition to reasonable attorneys' fees and costs of litigation and for all other and further relief to which he may be justly entitled.

    Respectfully submitted,

    /s/ *Paul M. Davis*
    Paul M. Davis
    Texas Bar No. 24078401
    Paul M. Davis & Associates, P.C.
    9355 John W. Elliott Dr.
    Suite 25454
    Frisco, TX 75033
    945-348-7884
    paul@fireduptxlawyer.com

    ATTORNEY FOR PLAINTIFF
    JOSHUA BOUDREAUX