UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSHUA BOUDREAUX, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> NORTON ROSE FULBRIGHT US LLP, § <br> § <br> Defendant. § <br> § | Civil Action No. 3:24-cv-260 |

## DEFENDANT'S ORIGINAL ANSWER & AFFIRMATIVE AND OTHER DEFENSES

Defendant Norton Rose Fulbright US LLP ("NRF" and/or "Defendant") files its Original Answer to and Affirmative and Other Defenses to the Original Complaint of Plaintiff Joshua Boudreaux' ("Plaintiff") and respectfully shows the Court the following:

### I.
### AFFIRMATIVE AND OTHER DEFENSES

Defendant pleads the following affirmative and other defenses, but does not assume the burden of proof except to the extent required on pure affirmative defenses:

1. Plaintiff's Complaint fails, in whole or in part, to state a cause of action against Defendant upon which relief can be granted and should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

2. Subject to further discovery, Plaintiff's claims are barred, in whole or in part, because he has not fulfilled all conditions precedent to the institution of this lawsuit, all administrative prerequisites, and/or the applicable statutes of limitations.

3. To the extent Plaintiff claims discrimination for matters outside of those specifically identified in his Equal Employment Opportunity Commission and/or Texas Workforce Commission Charge(s) of Discrimination, Plaintiff's claims are barred.

4. Plaintiff's claims are barred because any actions Defendant took in regards to Plaintiff were based on reasonable factors other than his religion or any alleged protected activity; were made in good faith and for good cause and without malice; were essential and necessary to the operation of NRF's business; and were at all times motivated solely and required by legitimate, non-discriminatory and non-retaliatory reasons.

5. Defendant would have taken the same employment action against Plaintiff regardless of his religion or any alleged protected activity.

6. All actions taken by Defendant with respect to Plaintiff were justified, in good faith, and without malice.

7. Plaintiff's claims are barred because the acts or omissions alleged to have been performed by Defendant, were performed in accordance with business necessity and for legitimate non-discriminatory and non-retaliatory reasons.

8. Defendant denies the allegations contained in Plaintiff's Complaint and denies that it engaged in any unlawful conduct. However, Defendant affirmatively pleads that NRF has in place an established anti-discrimination and anti-retaliation policies, which include a complaint procedure to prevent and/or correct any alleged discrimination or unlawful conduct. Plaintiff unreasonably failed to take advantage of this procedure.

9. Even if Plaintiff requested a reasonable accommodation, his claims are barred because he failed to participate in the interactive process for finding a reasonable accommodation.

10. Plaintiff's claims are barred because Defendant engaged in the interactive process and any accommodation Plaintiff requested placed an undue hardship on Defendant.

11. Plaintiff's alleged losses and damages, if any, are the result of, and directly related to, Plaintiff's own conduct, actions and/or failure to act, and not of Defendants' conduct, actions or failure to act.

12. Defendant asserts that Plaintiff failed to mitigate his damages, if any.

13. Plaintiff's claims for damages, if any, are capped or limited in accordance with applicable law.

14. Defendant is not liable for punitive damages in this case because any alleged actions are contrary to Defendant's good-faith efforts to comply with the anti-discrimination and anti-retaliation laws, including but not limited to Title VII.

15. Plaintiff's claims for punitive damages, if any, violate the provisions of the Fourteenth Amendment of the United States Constitution.

16. Subject to further discovery, Defendant asserts the defenses of ratification, repudiation, waiver, estoppel, statute of frauds, misrepresentation, unclean hands, and/or laches.

17. Subject to further discovery, Defendant asserts that Plaintiff's damages are limited by the doctrine of after-acquired evidence.

18. Plaintiff is not entitled to the relief sought in his Complaint to the extent said relief is not available under the applicable provisions of law.

19. Plaintiff's claims are barred because he failed to request a reasonable accommodation.

Defendant reserves the right to assert other defenses reasonably in advance of trial and as applicable during the course of this litigation.

## II.
## ORIGINAL ANSWER

### I.   PARTIES

1. According to Plaintiff's Original Complaint, Defendant admits that he is a resident of Collin County, Texas.

2. Defendant admits that NRF is a domestic limited liability partnership.

## II.   JURISDICTION AND VENUE

3. Defendant denies that it violated Plaintiff's rights in any manner and therefore, denies that this Court has subject matter jurisdiction as set out in Paragraph 3 of Plaintiff's Original Complaint.

4. Defendant admits the allegations in Paragraph 4 of Plaintiff's Original Complaint.

## III.   VENUE

5. Defendant admits the assertions contained in Paragraph 5 of Plaintiff's Original Complaint.

## IV.   FACTUAL ALLEGATIONS

6. Defendant admits the assertions contained in Paragraph 6 of Plaintiff's Original Complaint.

7. Defendant admits the assertions contained in the first sentence of Paragraph 7 of Plaintiff's Original Complaint, and otherwise denies the remaining assertions in Paragraph 7 of Plaintiff's Original Complaint.

8. Defendant admits the assertions contained in Paragraph 8 of Plaintiff's Original Complaint.

9. Defendant admits the assertions contained in Paragraph 9 of Plaintiff's Original Complaint.

10. Defendant admits the assertions contained in Paragraph 10 of Plaintiff's Original Complaint.

11. Defendant denies the assertions contained in Paragraph 11 of Plaintiff's Original Complaint.

12. Defendant admits that it corresponded with Boudreaux on August 17, 2021 to notify him that his request for accommodation had been denied. Except as expressly admitted, Defendant denies the assertions in Paragraph 12 of Plaintiff's Original Complaint.

13. Defendant denies the assertions contained in Paragraph 13 of Plaintiff's Original Complaint.

14. Defendant admits it terminated Boudreaux pursuant to its vaccine requirement on October 1, 2021 after engaging in the interactive process with Boudreaux because there were no reasonable accommodations that would allow Boudreaux to continue to perform the essential functions of his role, there were no open IT positions available at NRF at the time for which he was qualified that could be performed remotely, and permitting Boudreaux to work in the office unvaccinated created an undue hardship for NRF.  Except as expressly admitted, the assertions contained in Paragraph 14 of Plaintiff's Original Complaint.

## V.   CAUSES OF ACTION

15. No response is required to Paragraph 15 of Plaintiff's Original Complaint.

16. Defendant admits the assertions contained in Paragraph 16 of Plaintiff's Original Complaint.

17. Defendant admits the assertions contained in Paragraph 17 of Plaintiff's Original Complaint.

18. Defendant denies the assertions contained in Paragraph 18 of Plaintiff's Original Complaint.

19. Defendant admits the assertions contained in Paragraph 19 of Plaintiff's Original Complaint, but denies that his opposition to the vaccine was based on a sincerely held religious objection.

20. Defendant denies the assertions contained in Paragraph 20 of Plaintiff's Original Complaint.

21. Defendant denies the assertions contained in Paragraph 21 of Plaintiff's Original Complaint.

22. Defendant denies the assertions contained in Paragraph 22 of Plaintiff's Original Complaint.

23. Defendant denies the assertions contained in Paragraph 23 of Plaintiff's Original Complaint and denies that Plaintiff is entitled to any of the relief he seeks.

24. Defendant denies the assertions contained in Paragraph 24 of Plaintiff's Original Complaint.

25. Defendant denies the assertions contained in Paragraph 25 of Plaintiff's Original Complaint and denies that Plaintiff is entitled to any of the relief he seeks.

26. Defendant denies the assertions contained in Paragraph 26 of Plaintiff's Original Complaint. Defendant further denies that Plaintiff is entitled to any damages against this Defendant as set out in said Paragraph.

27. Defendant denies the assertions contained in Paragraph 27 of Plaintiff's Original Complaint.

28. No response is required to Paragraph 28 of Plaintiff's Original Complaint.

29. Defendant denies the assertions contained in Paragraph 29 of Plaintiff's Original Complaint.

30. Defendant denies the assertions contained in Paragraph 30 of Plaintiff's Original Complaint.

31. Defendant denies the assertions contained in Paragraph 31 of Plaintiff's Original Complaint.

32. Defendant denies the assertions contained in Paragraph 32 of Plaintiff's Original Complaint.

33. Defendant denies the assertions contained in Paragraph 33 of Plaintiff's Original Complaint.

34. Defendant denies the assertions contained in Paragraph 34 of Plaintiff's Original Complaint.

35. Defendant denies the assertions contained in Paragraph 35 of Plaintiff's Original Complaint.

## VI.   ATTORNEYS' FEES AND COSTS

36. Defendant denies that Plaintiff is entitled to any award of attorneys' fees and costs as asserted in Paragraph 36 of Plaintiff's Original Complaint.

## VII.   CONDITIONS PRECEDENT

37. Defendant admits that Plaintiff exhausted his administrative remedies with the U.S. Equal Opportunity Employment Commission and has received his notice of right to sue.

## VIII.   JURY DEMAND

38. No response is required to Paragraph 38 of Plaintiff's Original Complaint.

## IX.   PRAYER FOR RELIEF

39. Defendant denies that Plaintiff is entitled to seek or obtain damages against this Defendant and further denies the averments contained in the Plaintiff's Prayer for Relief in Plaintiff's Original Complaint.

# III.
# CONCLUSION

WHEREFORE, PREMISES CONSIDERED Defendant, Norton Rose Fulbright US LLP, respectfully requests the Court to enter Judgment that:

a.  Plaintiff's claims be dismissed for failure to state a claim;

b.  Plaintiff take nothing;

c.  Defendant recover its attorneys' fees and costs from Plaintiff; and,

d.  For all other relief at law and in equity to which the Defendant may be justly entitled.

Dated: April 1, 2024                    Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

/s/ *Heather Sherrod*
Heather Sherrod
State Bar No. 24083836
heather.sherrod@nortonrosefulbright.com
Shauna Johnson Clark
State Bar No. 00790977
NORTON ROSE FULBRIGHT US LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel. (713) 651-3560 | Fax (713) 651-5246

John W. Weber
State Bar No.
john.weber@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
Frost Tower
111 W. Houston Street, Suite 1800
San Antonio, Texas 78205
Tel. (210) 270-7022 | Fax (210) 270-7205

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing document to be electronically filed with the Clerk of the Court using the ECF-system for the Northern District of Texas and that the ECF system will send a Notice of Electronic Filing to the CM/ECF participant(s) on April 1, 2024.

        */s/Heather Sherrod*
        Heather Sherrod
        Attorney for Defendant